# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR CAL-PIA SUPERVISORS,<br><br>　　　　Defendants. | 1:15-cv-00409-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.       Screening Requirement and Standard**

Plaintiff Victor D. Jackson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 16, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is housed at California State Prison, Corcoran.  He names the CDCR CAL-PIA Supervisors as defendants in this action.  Plaintiff alleges as follows:

> On 7, 28, 2014, I was given a juice for breakf[a]st.  After I opened it up and begin to drink, I noticed something in the bottom of the carton.  I pour the rest of the juice out to recognize what it was.  [I]t look like a rodent fece[]s, a mouse, infused into the wax coating of the corner of the carton about a ½ inch long.  I begin to suffer physical and mental dam[]ages immediately.  I hold CDCR CAL-PIA Supervisors responsible, it is "there" [sic] product).  I don't know name[]s or just how they oversee there [sic] product and worker[]s or exactly how the negligence occurred.  I know this happen[e]d to me. . I still have the carton, and I have asked that it be tested in every lev[e]l of my Appeal.  And it has been denied.  Why?  Why wont [sic] CDCR CAL-PIA test it, since it is not what I say it is, to them., there shouldn[t] be "anything" in the juice carton but juice..they say that it is pulp

and refuse to test it, in level[s] one and two of my appeal, I am waiting on third level response now.  I will send it to the courts..they say that it is pulp and refuse to test.  There is "NO" way for this to be pulp, it was done before[e] juice was added to the carton. .

(ECF No. 1, pp. 3-5.)   Plaintiff seeks $10,000 in compensatory damages for the alleged violation of his Eighth Amendment rights.

**III.     Discussion**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)) (quotation marks omitted). Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety. Farmer, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993).  Furthermore, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (citation omitted); see also Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D. Va. 1992) (prisoner served contaminated food on one occasion was not a sufficiently serious deprivation);  cf. George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners"). However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir.2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Here, Plaintiff has identified an isolated incident of a foreign object in his food, not a sustained deprivation. Service of one contaminated juice carton does not rise to a constitutional violation. This deficiency does not appear capable of being cured by amendment and further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV.   Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839, (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2015**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE